**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HECTOR E. ROMERO,

    Plaintiff

v.

ABRAM MINNITTE, et al.,

    Defendants

Case No.: 3:26-cv-00105-MMD-CSD

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Re: ECF No. 1

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is an inmate in custody of the Washoe County Detention Facility (WCDF), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of  the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his current account balance is $1201.94; his average monthly balance for the last six months was $633.60; and his average monthly deposits were $244.59.

2

Plaintiff has sufficient funds in his account to pay the full filing fee and he does not qualify for IFP status. Therefore, Plaintiff's IFP application should be denied, and Plaintiff should be given 30 days to pay the full $405 filing fee.

After Plaintiff pays the full filing fee, the court will screen his complaint pursuant to 28 U.S.C. § 1915A, which requires dismissal of a complaint or portion of a complaint that is frivolous, malicious, or fails to state a claim or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

## II. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's IFP application (ECF No. 1) be **DENIED**.

Plaintiff should be given 30 days from the date of any order adopting this Report and Recommendation to pay the full $405 filing fee.

Plaintiff should be cautioned that a failure to comply with such order may result in dismissal of his action without prejudice.

Plaintiff should be further advised that once he pays the full filing fee, his complaint will be screened pursuant to  28 U.S.C. § 1915A.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 12, 2026

_____
Craig S. Denney
United States Magistrate Judge